UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                           :

HLT EXISTING FRANCHISE HOLDING LLC,    :

                    Plaintiff,    :

       -v-                        :

WORCESTER HOSPITALITY GROUP LLC,    :

                    Defendant.    :

------------------------------------------------------------------------X

12 Civ. 8295 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On January 28, 2014, the Court granted summary judgment to plaintiff HLT Existing

Franchise Holding LLC ("HLT"), a franchisor of Hampton Inn hotels, against its former

franchisee, Worcester Hospitality Group LLC ("WHG") for contract damages. Dkt. 70. On

February 11, 2014, HLT moved for attorneys' fees and interest and filed a memorandum of law

and a declaration in support. *See* Dkt. 72; Dkt. 73 ("HLT Br."); Dkt. 74 ("Rubinger Decl."). On

February 25, 2014, WHG filed a memorandum of law in opposition. Dkt. 75 ("WHG Br.").

**I.    Attorneys' Fees**

WHG does not contest that it owes HLT attorneys' fees under FLA § 7(f). Instead, WHG

argues that HLT's request for fees charged by its counsel, Plave Koch PLC, should be reduced.

First, WHG argues that the proposed hourly rate of $195 for Margaret Loveless, a senior

paralegal, is excessive. The Court agrees. A rate of $125 per hour for a senior paralegal is more

in line with the prevailing market rates in this District. *See, e.g.*, *K.L. v. Warwick Valley Cent.*

*Sch. Dist.*, No. 12 Civ. 6313 (DLC), 2013 WL 4766339, at *8 (S.D.N.Y. Sept. 5, 2013) ("With

respect to paralegal rates, courts in the Southern District typically award fees for paralegal work

in IDEA cases at a rate of $90 or $125 per hour."); *M.C. ex rel. E.C. v. Dep't of Educ. of City of New York*, No. 12 Civ. 9281 (CM) (AJP), 2013 WL 2403485, at *7 (S.D.N.Y. June 4, 2013) ("$125 per hour . . . is the prevailing market rate in this District for paralegals in [IDEA] cases"), *report and recommendation adopted*, No. 12 Civ. 9281 (CM) (AJP), 2013 WL 3744066 (S.D.N.Y. June 28, 2013).  The Court finds these cases more persuasive than the cases cited by the parties.  In the three cases that HLT cites in support of its proposed hourly rate of $195, the plaintiff's fee motion was unopposed, denying the district court the benefit of adversarial briefing.  *See* HLT Br. 10.  And the cases that WHG cites in support of its proposed hourly rate of $75 are generally either (1) from outside this district or (2) in-district cases in which the court approved the requested rate of $75, but was not called upon to determine whether a higher rate was justified.  *See* WHG Br. 3–6.  Accordingly, the Court will allow HLT to be reimbursed for Ms. Loveless's time at the rate of $125 per hour.

Second, WHG argues that the $9,352.50 which HLT seeks as reimbursement for preparation of the instant motion for fees is excessive, both in terms of the time spent, 33.2 hours, and in the use of a partner's time to research and draft.  WHG Br. 7–8.  The Court disagrees.  The time spent on the instant motion does not appear excessive, given that the motion is for more than $200,000 in fees and interest, covering extensive work in this fact-intensive litigation, and involved preparation of a 13-page memorandum of law and a 7-page declaration. In the one case on which WHG relies, *Briese Lichttechnik Vertriebs GmbH v. Langton*, No. 09 Civ. 9790, 2010 WL 3958737 (S.D.N.Y. Oct. 4, 2010), the fee motion arose after the Court had held defendants' discovery responses so deficient that plaintiffs were entitled to fees "incurred in obtaining the court's rulings at [the discovery] conference." *Id.* at *1.  Plaintiffs' counsel then spent more time on the fee application (31 hours) than on the underlying discovery dispute and

conference (17.8 hours). *Id.* at *2. The Court held that the time spent on the fee application was excessive. *Id.* This case is a far cry that circumstance. This case involved extensive discovery, and was resolved on summary judgment. The discovery delved into WHG's compliance, or lack thereof, with HLT's franchise standards over a period of years, and the summary judgment briefing and record were voluminous and detailed. As for WHG's argument that an associate should have drafted the motion papers, Plave Koch PLC has represented that it is a boutique firm specializing in franchise practice; that it staffed this case leanly, with two partners, a contract attorney, and paralegal; and that it employs only one associate, who was not staffed on this case. *See* Rubinger Decl. ¶¶ 2, 4, 13 n.2. In light of these facts, the Court finds it entirely reasonable that the instant motion papers were drafted by the partners and paralegal who worked on the merits of this case.

Third, WHG argues that the fee request should be reduced by 10% because "multiple attorneys were involved in the review and editing [of] the papers submitted, which is inherently inefficient." WHG Br. 9. Specifically, WHG argues that (1) that the work of the outside contract attorney was subject to multiple rounds of review, editing, and redrafting; (2) the Complaint was re-drafted several times before filing; and (3) the summary judgment papers "were edited and reviewed multiple times by different attorneys, when review by just one attorney would have been sufficient." *Id.* 9–10. But WHG gives this Court no reason to conclude that this volume of work reflected anything other than careful lawyering. Indeed, the Court was favorably impressed by the level of precision and care reflected in HLT's briefs. Further, in making these claims, WHG does not cite to any particular part of the billing records. The Court counts a total of 3.6 hours of partner time and 1.9 hours of paralegal time spent on drafting, editing, and amending the Complaint. *See* Rubinger Decl. Ex. A 2, 4, 7, 19. This is

not, as WHG contends, excessive.  As for summary judgment, the lion's share of the work appears to have been done by one partner, Benjamin Reed, who obtained support from the contract attorney, Nancy McMillin, and feedback from the other partner, James Rubinger.  *See id.* at 45–62.  This, too, does not suggest excessive duplication of effort, but instead a justified level of collaboration among colleagues.  WHG has given the Court no reason—and the Court independently has found no reason—to view the hours billed as unreasonable.

## II.    Interest

HLT also seeks pre-judgment interest, in the amount of $89,550.31 and post-judgment interest, from the date of judgment until the date of payment.  *See* HLT Br. 13.  WHG rightly offers no opposition.  New York law provides for prejudgment interest in breach of contract cases at the statutory rate of 9 percent per year, dating from the date when the cause of action first came into existence.  *See* N.Y. C.P.L.R. §§ 5001, 5004; *Graham v. James*, 144 F.3d 229, 239 (2d Cir. 1998); *Gao v. Sidhu*, No. 11 Civ. 2711 (WHP) (JCF), 2013 WL 2896995, at *4 (S.D.N.Y. June 13, 2013).  In this case, the appropriate calculation yields the amount of pre-judgment interest requested by HLT, $89,550.31.  In addition, 28 U.S.C. § 1961 provides for post-judgment interest, to be computed from the date of judgment until the date of payment.  HLT's request for pre-judgment interest of $89,550.31, and post-judgment interest from the date of judgment until the date of payment, is therefore granted.

### CONCLUSION

For the foregoing reasons, HLT's motion for attorneys' fees and interest is granted, except that the time billed by the senior paralegal, Ms. Loveless, is to be reimbursed at the rate of $125 per hour, not $195 per hour.  HLT is directed to revise its calculation of fees accordingly and to submit a proposed order for the Court's approval.

The Clerk of Court is respectfully directed to terminate the motion pending at docket number 72.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: May 7, 2014
       New York, New York