UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HLT EXISTING FRANCHISE HOLDING LLC,

                      Plaintiff,

      -v-

WORCESTER HOSPITALITY GROUP LLC,

                      Defendant.

------------------------------------------------------------------X

12 Civ. 8295 (PAE)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/14/15

PAUL A. ENGELMAYER, District Judge:

On January 28, 2014, this Court granted summary judgment to plaintiff HLT Existing Franchise Holding LLC ("HLT"), a franchisor of Hampton Inn hotels, against its former franchisee, Worcester Hospitality Group LLC ("WHG") for contract damages. Dkt. 70. On May 7, 2014, the Court awarded HLT $109,758.79 in attorneys' fees. Dkt. 79, 82. WHG thereafter appealed, and the Second Circuit affirmed this Court's rulings. Dkt. 85.

HLT now moves for a supplemental award of attorneys' fees incurred in litigating post-judgment issues and the appeal. Dkt. 87–89. Specifically, HLT seeks $69,192.50 in fees and $2,874.79 in costs. WHG does not oppose this motion.

The franchise agreement entered into by HLT and WHG provides that if HLT "hire[s] counsel to collect any amounts due," WHG "will pay [HLT's] reasonable attorneys' fees." Dkt. 12-1, Ex. A § 7.f. Accordingly, as WHG conceded in the first round of attorneys' fees briefing, HLT is entitled to an award of legal fees incurred in this action. *See* Dkt. 75.

As to the reasonable amount of fees, the billing records provide clear, detailed summaries of the tasks performed, which include briefing the first motion for attorneys' fees, participating in mediation, writing appellate briefs, and preparing for argument before the Second Circuit. *See*

1

Dkt. 89-1. The Court's judgment is that the fees requested—which reflect 174.5 attorney hours billed at $275 or $350 per hour, and 71.2 support staff hours time billed at $125 per hour[1]—are reasonable. *See, e.g., Gallagher's NYC Steakhouse Franchising, Inc. v. NY Steakhouse of Tampa, Inc.*, No. 11 Civ. 1456 (THK), 2011 WL 6935295, at *4 n.3 (S.D.N.Y. Dec. 29, 2011) (finding hourly rates between $275 and $600 reasonable for franchise-related litigation); *Rubenstein v. Advanced Equities, Inc.*, No. 13 Civ. 1502 (PGG), 2015 WL 585561, at *7 (S.D.N.Y. Feb. 10, 2015) (collecting cases approving hourly rates of $125 for paralegals).

Finally, under the Federal Rules of Civil Procedure, "costs other than attorney's fees" generally "should be allowed to the prevailing party," "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). The Court therefore finds that HLT is entitled to an award of expenses incurred. Pursuant to Local Rule 54.1, however, a party seeking to recover costs must file a "notice of taxation of costs," and the Clerk of Court will "allow such items as are properly taxable." Accordingly, HLT is directed to present a bill of costs to the Clerk within 30 days of the issuance of this opinion. After the Clerk awards costs, the parties will have seven days to appeal that award to this Court. Fed. R. Civ. P. 54(d)(1); *see also Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001); *Balance Point Divorce Funding, LLC v. Scrantom*, No. 13 Civ. 1049 (PKC), 305 F.R.D. 67, 70 (S.D.N.Y. 2015).

For the foregoing reasons, HLT's motion for attorneys' fees is granted in the amount of $69,192.50. The Clerk of Court is respectfully directed to terminate the motion pending at docket number 87.

---

[1] Consistent with this Court's previous fee award, HLT seeks reimbursement for senior paralegal Margaret Loveless's time at a rate of $125 per hour, reduced from $195 per hour.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: August 14, 2015
       New York, New York